CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

May ₰, 2012

John Lynch
1814 Kennedy Blvd.
Union City, NJ 07087

Louis M. Manzo
409 8th Avenue
Belmar, NJ 07719

Mark J. McCarren
Office of the U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

## LETTER ORDER

Re: <u>United States v. Manzo</u>
   **Criminal No.: 09-759**

Dear Counsel:

  This matter comes before the Court by way of Defendant Louis Manzo ("Defendant")'s letter request to submit a reply to the Government's opposition to his petition requesting attorneys' fees under the Equal Access to Justice Act of 1948, 28 U.S.C. § 2412 and 18 U.S.C. § 3006A (the "Hyde Amendment").

  While Defendant incorrectly cites to "standard court rules [7.2 (2)]" to support his contention that the New Jersey Federal Practice Rules allow for a reply to opposition briefs filed in the ordinary course of motion practice, the appropriate rule governing the filing of a reply in such practice is Loc. Civ. R. 7.1(d)(3), which states, "If the moving party chooses to file papers in reply, those papers including a reply brief specifying the motion day on the cover page, with proof or acknowledgment of service thereof on all other parties, must be filed with the Clerk at least seven days prior to the motion day. No reply papers hall be filed on a motion for consideration pursuant to L.Civ.R. 7.1(I) or on a cross-motion, unless the Court otherwise orders." Loc. Civ. R. 7.1(d)(3). The Local Civil Rules apply to "all motions, regardless of their complexity and the relief sought." Loc. Civ. R. 7.1(b)(1).

  However, petitions filed in accordance with the Hyde Amendment are not "motions," but are rather petitions governed by the procedural requirements of the federal statutes which grant this Court jurisdiction to review them, namely, in this case, 28 U.S.C. § 2412 and 18 U.S.C. § 3006A. Specifically, awards for attorney's fees and other litigation expenses following a court's

finding that the position of the United States was vexatious, frivolous, or in bad faith is governed by the "procedures and limitations (but not the burden of proof) provided for an award under section 2412 of Title 28, United States Code." Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997)(reprinted in 18 U.S.C. § 3006A, historical and statutory notes). There is no express statutory requirement that the petitioner file a traverse or reply to the respondent's opposition or return to his petition. See, generally, 18 U.S.C. § 3006A(d)(5); 28 U.S.C. § 2412. Accordingly, this Court need not consider Defendant's reply, if any, to the Government's response to his Petition, and Defendant's request to file a reply for the Court's review following this Court's April 23, 2012 Order is denied.[1]

For the reasons set forth above, **IT IS** on this _8th_ day of **May, 2012,**

**ORDERED** that Defendant's request to file a reply to the Government's opposition to his Hyde Amendment Petition is **DENIED.**

**IT IS SO ORDERED.**

_____
Jose L. Linares
United States District Judge

---

[1] The Court also notes that Defendant filed his letter request pro se, despite his being represented by counsel in the above-captioned matter. The Court alternatively declines to consider Defendant's submissions in light of the fact that the filing was not made by his counsel of record in connection with this matter. See United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993)("Issues that counseled parties attempt to raise pro se need not be considered except on a direct appeal in which counsel has filed an Anders brief."); see also Hall v. Dorsey, 534 F. Supp. 2d 507, 508 (E.D. Pa. 1982)(criminal defendant has no right to hybrid representation both pro se and by counsel).